1
2
3
4
5
6
7
8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DELBERT WILLIAMS,

11              Plaintiff,                 No. CIV S-10-0656 DAD P

12        vs.

13   SABIN, et al.,

14              Defendants.                ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20              **PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

21              Plaintiff has submitted an in forma pauperis application that makes the showing

22   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

23   pauperis.

24              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

25   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

26   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

                                           1

U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT

In his complaint, plaintiff claims that defendant Sabin "and others" failed to treat plaintiff's back pain.  (Compl. at 1, 5.)  Specifically, plaintiff alleges that the defendants have refused to prescribe him a back brace and pain medication.  (<u>See id.</u> at 5, 8.)  Moreover, plaintiff

1  maintains that defendants Moor and Greor used excessive force against him when they directed

2  him to stand, despite knowing that plaintiff suffered from back pain.  (<u>Id.</u> at 9.)  As relief,

3  plaintiff seeks a back brace to relieve his pain.  (<u>Id.</u> at 5.)

4                                              **DISCUSSION**

5               The allegations in plaintiff's complaint are so vague and conclusory that the court

6  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

7  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

8  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

9  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

10  <u>See</u> <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff's

11  complaint fails to comply with the requirements of Fed. R. Civ. P. 8(a), it must dismissed.  The

12  court will, however, grant plaintiff leave to file an amended complaint.

13               If plaintiff files an amended complaint, he is first advised that he should allege in

14  specific terms how each named defendant was involved in the deprivation of his constitutional

15  rights.  Unless plaintiff provides some affirmative link or connection between each defendant's

16  actions and the claimed deprivation, there can be no liability under 42 U.S.C. § 1983.  <u>See</u> <u>Rizzo</u>,

17  423 U.S. at 371; <u>May</u>, 633 F.2d at 167; <u>Johnson</u>, 588 F.2d at 743.

18               In addition, to the extent that he is attempting to bring an inadequate medical care

19  claim, plaintiff is advised that the Eighth Amendment of the Constitution prohibits the infliction

20  of "cruel and unusual punishments."  In <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the United States

21  Supreme Court held that inadequate medical care did not constitute cruel and unusual

22  punishment unless the alleged mistreatment rose to the level of "deliberate indifference to serious

23  medical needs."  <u>Id.</u> at 106.  Moreover, in applying this standard, the Ninth Circuit has held that

24  the "indifference to [plaintiff's] medical needs must be substantial.  Mere 'indifference,'

25  'negligence,' or 'medical malpractice' will not support this cause of action."  <u>Broughton v. Cutter</u>

26  <u>Lab.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06).  Accordingly, if he

1   elects to file an amended complaint, plaintiff should allege facts demonstrating that his back

2   condition and resulting pain is a serious medical need and that each defendant was deliberately

3   indifferent to his condition.

4         Next, to the extent that plaintiff is attempting to bring an excessive force claim

5   under the Eighth Amendment against defendants Moor and Greor, he is advised that the core

6   judicial inquiry with respect to such a claim is "whether force was applied in a good faith effort

7   to maintain or restore discipline or maliciously and sadistically for the very purpose of causing

8   harm." Whitley v. Albers, 475 U.S. 312, 318 (1986). See Jordan v. Garner, 986 F.2d 1521 (9th

9   Cir. 1993). Accordingly, if plaintiff elects to pursue this claim in any amended complaint he

10   files, he should allege facts demonstrating that defendants acted without a proper purposes and

11   instead solely to cause him pain. See Farmer v. Brennan, 511 U.S. 825 (1994).

12         Lastly, plaintiff is informed that the court cannot refer to a prior pleading in order

13   to make plaintiff's amended complaint complete. Local Rule 220. This is because, as a general

14   rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,

15   57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer

16   serves any function in the case. Therefore, in an amended complaint, as in an original complaint,

17   each claim and the involvement of each defendant must be sufficiently alleged therein.

18   **OTHER MATTERS**

19         Plaintiff has also filed a form petition for a writ of habeas corpus bearing the case

20   number assigned to this civil rights action. (Doc. No. 12.) That documents appears to have filed

21   by plaintiff solely to alert the court that his civil rights case is still pending. (See Pet. at 3, 7.) In

22   addition, plaintiff has requested that his case be expedited. The court will disregard these filings

23   by plaintiff, as they are unnecessary.

24   **CONCLUSION**

25         Accordingly, IT IS HEREBY ORDERED that:

26         1. Plaintiff's application to proceed in forma pauperis (Doc. No. 13) is granted;

1        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

2  The fee shall be collected and paid in accordance with this court's order to the Director of the

3  California Department of Corrections and Rehabilitation filed concurrently herewith;

4        3.  Plaintiff's complaint (Doc. No. 1) is dismissed;

5        4.  Plaintiff is granted thirty days from the date of service of this order to file an

6  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

7  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

8  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

9  amended complaint in accordance with this order will result in a recommendation that this action

10  be dismissed without prejudice; and

11        5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

12  civil rights action.

13  DATED: August 5, 2010.

14

15  *Dale A. Drozd*

16  DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

17  DAD:sj
    will0656.14

18

19

20

21

22

23

24

25

26