IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT WILLIAMS,

        Plaintiff,                   No. CIV S-10-0656 GEB DAD P

   vs.

SABIN, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed August 9, 2010, the court dismissed plaintiff's original complaint and granted him leave to file an amended complaint.  Plaintiff has now filed a second amended complaint.[1]

## SCREENING REQUIREMENT

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] On August 20, 2010, plaintiff filed a petition for writ of habeas corpus, which the court construed to be plaintiff's amended complaint.  Before the court could screen plaintiff's amended complaint, plaintiff filed his second amended complaint.  Accordingly, the court will evaluate plaintiff's second amended complaint for screening purposes.  <u>See</u> Fed. R. Civ. P. 15(a).

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

1  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
2  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
3  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
4  omits to perform an act which he is legally required to do that causes the deprivation of which
5  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
6  　　　　　Moreover, supervisory personnel are generally not liable under § 1983 for the
7  actions of their employees under a theory of respondeat superior and, therefore, when a named
8  defendant holds a supervisorial position, the causal link between him and the claimed
9  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
10 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
11 allegations concerning the involvement of official personnel in civil rights violations are not
12 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S SECOND AMENDED COMPLAINT

14 　　　　　Plaintiff's second amended complaint is difficult to decipher.  Nevertheless, it
15 appears that plaintiff is attempting to allege that defendant Sabin has failed to respond to
16 plaintiff's inmate grievances regarding his chronic back pain condition.  In terms of relief,
17 plaintiff seeks injunctive relief and monetary damages.  (Sec. Am. Compl. at 1-18.)

### DISCUSSION

19 　　　　　As was the case with his original complaint, the allegations of plaintiff's second
20 amended complaint remain so vague and conclusory that the court is unable to determine whether
21 the current action is frivolous or fails to state a claim for relief.  See Fed. R. Civ. P. 8(a).
22 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
23 the defendants and must allege facts that support the elements of the claim plainly and succinctly.
24 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  In this regard, plaintiff
25 must allege, with at least some degree of particularity, overt acts which each defendant engaged
26 in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of

Fed. R. Civ. P. 8(a), the second amended complaint must be dismissed. The court will, however, give plaintiff a final opportunity to allege facts stating a cognizable claim by granting him leave to file a third amended complaint.

If plaintiff elects to file a third amended complaint, he is advised of the following legal standards that govern the claim he is apparently attempting to present. To the extent that plaintiff seeks to allege that he was provided inadequate medical care by defendant Sabin, he is advised that in <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the United States Supreme Court has held that such a claim is cognizable under § 1983 only if the alleged medical mistreatment rose to the level of "deliberate indifference to serious medical needs." <u>Id.</u> at 106. Moreover, in applying this standard, the United States Court of Appeals for the Ninth Circuit has held that the alleged "indifference to [the plaintiff's] medical needs must be substantial. Mere indifference, negligence, or medical malpractice will not support this cause of action." <u>Broughton v. Cutter Lab.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (quotations and citations omitted). Accordingly, to sufficiently state a cognizable claim of inadequate medical care in this case, plaintiff must allege facts demonstrating that defendant Sabin was responsible for plaintiff's medical care, that defendant Sabin knew of plaintiff's chronic back pain condition, and that defendant Sabin chose to ignore plaintiff's complaints regarding his pain.

Plaintiff is warned that the court cannot refer to his second amended complaint to make his third amended complaint complete. <u>See</u> Local Rule 220. This is because, as a general rule, an amended complaint supercedes the original pleadings, which no longer serve a function in the case. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, plaintiff must sufficiently allege facts supporting each claim and the involvement of each defendant in any third amended complaint he elects to file.

**OTHER MATTERS**

On September 8, 2010, plaintiff filed a motion to compel discovery. The court, however, has not authorized service of plaintiff's complaint and has not issued an order initiating

discovery in this case. Accordingly, plaintiff's motion to compel will be denied as premature.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint;" failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action; and

4. Plaintiff's September 8, 2010, motion to compel discovery (Doc. No. 23) is denied as premature.

DATED: October 6, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
will0656.14(2)+mot