1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DELBERT WILLIAMS,

11              Plaintiff,                No. CIV S-10-0656 KJM DAD P

12        vs.

13    SABIN, et al.,

14              Defendants.               <u>ORDER</u>

15    _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17    filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's third amended

18    complaint.

19                        **SCREENING REQUIREMENT**

20              The court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24    granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

25    U.S.C. § 1915A(b)(1) & (2).

26    /////

1        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

12  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

13  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

15  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

16  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

17  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

18  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19        The Civil Rights Act under which this action was filed provides as follows:

20        Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the

21        deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at

22        law, suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

1   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2   omits to perform an act which he is legally required to do that causes the deprivation of which

3   complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

4            Moreover, supervisory personnel are generally not liable under § 1983 for the

5   actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

6   defendant holds a supervisorial position, the causal link between him and the claimed

7   constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

8   (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

9   allegations concerning the involvement of official personnel in civil rights violations are not

10  sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

11                          **PLAINTIFF'S THIRD AMENDED COMPLAINT**

12            Plaintiff's third amended complaint is difficult to decipher.  However, plaintiff

13  appears to be attempting to allege that he is not receiving proper medical care and/or

14  accommodations for his back during his incarceration at the California Medical Facility-Solano.

15  According to the third amended complaint, as early as 1998, a doctor discovered degenerative

16  changes in plaintiff's spine.  Plaintiff notes that there is no surgery that will enable him to walk,

17  but he would like to receive effective pain medication and a special mattress.  Plaintiff also seeks

18  monetary damages.  (Compl. at 2.)

19                                      **DISCUSSION**

20            As with plaintiff's previous complaints, the allegations in his third amended

21  complaint are so vague and conclusory that the court is unable to determine whether the current

22  action is frivolous or fails to state a claim for relief.  The third amended complaint does not

23  contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal

24  Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and

25  must allege facts that support the elements of the claim plainly and succinctly.  <u>Jones v.</u>

26  <u>Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

1    least some degree of particularity overt acts which defendants engaged in that support his claims.

2    Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

3    third amended complaint must be dismissed.  In the interests of justice, the court will grant

4    plaintiff leave to amend one final time.

5              If plaintiff chooses to file a fourth amended complaint, plaintiff must specify who

6    the defendants are in this action.  In the caption of his third amended complaint, plaintiff lists the

7    People of the State of California as the defendant.  However, the People of the State of California

8    are not a proper defendant.  In determining who to name as defendant(s) in this action, plaintiff

9    should consider who has denied him medical care for his back condition.  For example, if a

10   specific doctor or nurse at California Medical Facility has refused to provide him with necessary

11   pain medication or a needed special mattress, plaintiff should consider naming him or her as the

12   defendant or one of the defendants.

13             In addition, plaintiff must allege in specific terms how each named defendant was

14   involved in the deprivation of plaintiff's rights.  To the extent that plaintiff wishes to proceed on

15   an Eighth Amendment inadequate medical care claim, he is advised that in Estelle v. Gamble,

16   429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute

17   cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level

18   of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit

19   has held that before it can be said that a prisoner's civil rights have been abridged, "the

20   indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

21   'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d

22   458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  In any fourth amended complaint

23   he elects to file, plaintiff must allege facts demonstrating how each defendant's actions rose to

24   the level of "deliberate indifference."

25             Plaintiff is reminded that the court cannot refer to prior pleadings in order to make

26   his fourth amended complaint complete.  Local Rule 220 requires that an amended complaint be

                                              4

complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a fourth amended complaint, the prior pleadings no longer serves any function in the case.  Therefore, in a fourth amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's third amended complaint (Doc. No. 29) is dismissed;

2.  Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned to this case and must be labeled "Fourth Amended Complaint"; failure to file a fourth amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: March 28, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will0656.14am