1

2

3

4

5

6

7

8                                  IN THE UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DELBERT WILLIAMS,

11             Plaintiff,                          No. CIV S-10-0656 KJM DAD P

12        vs.

13    SABIN, et al.,

14             Defendants.                         ORDER

15    _____/

16             Plaintiff, a state prisoner proceeding pro se with a civil rights action, has

17    requested appointment of counsel.

18             The United States Supreme Court has ruled that district courts lack authority to

19    require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.

20    Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may

21    request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v.

22    Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

23    (9th Cir. 1990).

24             The test for exceptional circumstances requires the court to evaluate the plaintiff's

25    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

26    light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

1    1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

2    common to most prisoners, such as lack of legal education and limited law library access, do not

3    establish exceptional circumstances that would warrant a request for voluntary assistance of

4    counsel.  In the present case, the court does not find the required exceptional circumstances.

5              Plaintiff has also filed two other miscellaneous documents with the court, both of

6    which are unclear.  In the first document, which the court has docketed as a motion, plaintiff

7    appears to complain regarding inadequate access to the prison law library.  It's not clear what

8    plaintiff is asking the court to do in this regard.  Plaintiff does not allege that his level of law

9    library access has caused him to miss any filing deadlines in connection with this civil action.

10   Insofar as plaintiff is generally dissatisfied with his law library access, he may file an inmate

11   appeal at his institution and request additional access to the library.  In California, prisoners may

12   appeal "any policy, decision, action, condition, or omission by the department or its staff that the

13   inmate or parolee can demonstrate as having a material adverse effect upon his or her health,

14   safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  In the second document plaintiff has

15   filed, which has also been docketed as a motion, it is simply not clear what plaintiff's complaint

16   is or what relief he seeks from the court.  Accordingly, the court will deny both of plaintiff's

17   "motions" without prejudice.

18             Accordingly, IT IS HEREBY ORDERED that:

19             1.  Plaintiff's motion for appointment of counsel (Doc. No. 44) is denied; and

20             2.  Plaintiff's miscellaneous motions (Doc. Nos. 45 & 46) are denied without

21   prejudice.

22   DATED: October 17, 2011.

23

24   _____

DALE A. DROZD

25   DAD:9                          UNITED STATES MAGISTRATE JUDGE
     will0656.31+

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26