IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT WILLIAMS,

        Plaintiff,                      No. CIV S-10-0656 KJM DAD P

    vs.

SABIN, et al.,

        Defendants.             ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Plaintiff has also filed two other miscellaneous documents with the court, both of which are unclear. In the first document, which the court has docketed as a motion, plaintiff appears to complain regarding inadequate access to the prison law library. It's not clear what plaintiff is asking the court to do in this regard. Plaintiff does not allege that his level of law library access has caused him to miss any filing deadlines in connection with this civil action. Insofar as plaintiff is generally dissatisfied with his law library access, he may file an inmate appeal at his institution and request additional access to the library. In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In the second document plaintiff has filed, which has also been docketed as a motion, it is simply not clear what plaintiff's complaint is or what relief he seeks from the court. Accordingly, the court will deny both of plaintiff's "motions" without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (Doc. No. 44) is denied; and

2. Plaintiff's miscellaneous motions (Doc. Nos. 45 & 46) are denied without prejudice.

DATED: October 17, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will0656.31+