IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT WILLIAMS,

     Plaintiff,               No. 2:10-cv-0656 KJM DAD P

    vs.

SABIN, et al.,

     Defendants.        ORDER
_____/

        On June 1, 2012, defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Instead of filing an opposition to the motion, plaintiff has filed with the court several indecipherable "notices" that include his notes regarding and commentary, such as "prove that" and "totally false", on portions of defendants' motion for summary judgment. Even liberally construed, the court could not consider these "notices" as an opposition to defendants' motion for summary judgment. Accordingly, on July 10, 2012, the court ordered plaintiff to file an opposition to defendants' motion. In response to the court's order, plaintiff has filed a series of exhibits. It is not clear what these exhibits relate to or why plaintiff has filed them with the court. However, in the interest of justice, the court will grant plaintiff a final thirty days to file an opposition to defendants' motion for summary judgment.

/////

1

1   The court will also inform plaintiff once again of the requirements for opposing a motion for
2   summary judgment such as the one now pending before the court in this action.
3          Pursuant to Woods v. Carey, __ F.3d __, 2012 WL 2626912 (9th Cir. 2012),
4   Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849
5   F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff that a motion for summary judgment
6   is a request for an order for judgment in favor of the defendant without trial.  A defendant's
7   motion for summary judgment will set forth the facts that the defendant contends are not
8   reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for
9   summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one
10  or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of
11  perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the
12  matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.
13  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that
14  plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must
15  have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff
16  must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any
17  part of the transcript of one or more depositions, answers to interrogatories, or admissions
18  obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with
19  counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true
20  and grant the motion.  If there is some good reason why such facts are not available to plaintiff
21  when required to oppose a motion for summary judgment, the court will consider a request to
22  postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does
23  not serve and file a written opposition to the motion, or a request to postpone consideration of the
24  motion, the court may consider the failure to act as a waiver of opposition to the defendant's
25  motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed
26  /////

or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall file an opposition to defendants' motion for summary judgment in light of and in keeping with the standards set forth above.  In the alternative, if plaintiff no longer wishes to proceed with this matter, he shall file a request to dismiss this action without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

DATED: August 20, 2012.

／s／ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will0656.46(2)