IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT WILLIAMS,

       Plaintiff,                No. 2: 10-cv-0656 KJM DAD P

    vs.

SABIN, et al.,

       Defendants.        <u>ORDER AND FINDINGS AND</u>

                                             <u>RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding *pro se* with a civil rights action filed pursuant to 42 U.S.C. § 1983. On August 9, 2010, the court granted plaintiff's motion to proceed in forma pauperis. On May 14, 2012, plaintiff filed another motion to proceed in forma pauperis. (<u>See</u> Dkt. No. 54.) In light of the court's previous granting of plaintiff's motion to proceed in forma pauperis, plaintiff's May 14, 2012 motion will be denied as unnecessary.

        On June 1, 2012, defendants filed a motion for summary judgment. Pursuant to the court's August 21, 2012 order, plaintiff's response to the motion for summary judgment was due thirty days thereafter. To date, Plaintiff has not filed an opposition to the motion. On June 15, 2011 and again on August 21, 2012, plaintiff was advised of the requirements for filing an opposition to a summary judgment motion and was also advised that failure to oppose such a

1

motion might be deemed a waiver of opposition to the motion.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

The court has considered the five factors set forth in Ferdik. The first two factors strongly support dismissal of this action. The action has been pending for over two years and has reached the stage, set by the court's September 28, 2011 scheduling order, for resolution of dispositive motions, and, if necessary, preparation for pretrial conference and jury trial. (See Dkt. No. 43.)

The fifth factor also favors dismissal. The court has advised plaintiff of the Local Rules and plaintiff has now had five months to file a response to the motion for summary judgment. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action. See Fedrik, 963 F.2d at 1262. The defendants would only be "disadvantaged" by a decision to continue this action where plaintiff has failed to file an opposition to the motion for summary judgment.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second and fifth factors strongly support dismissal and the third factor does not mitigate

against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (Dkt. No. 54.) is DENIED AS UNNECESSARY as plaintiff already has been granted in forma pauperis status.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
will0656.46s.fr

3